TURNER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-285-CR

ISAIAH TURNER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT 
OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Isaiah Turner was convicted by a jury of the felony offense of aggravated kidnaping under the theory that he knowingly abducted the victim without her consent by using or threatening to use a deadly weapon.  
Tex. Penal Code Ann.
 § (2)(b) (Vernon 2003).  The jury then assessed punishment at 99 years’ confinement after determining that appellant had previously been convicted of the offense of burglary of a habitation.  Two points are presented on appeal:  (1) whether the evidence is legally and factually insufficient to support the verdict; and (2) whether appellant received ineffective assistance of counsel.

We begin by addressing the legal sufficiency challenge presented in point one.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to
 the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1
979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

The record reflects that appellant attempted to lure the victim, R.M., a fourteen-year-old girl, into his car as she walked home from school by first asking her if she wanted a ride.  After she refused appellant changed his tactics and attempted to force her into the car first by threatening her with weapons, then by getting out of the car and chasing her down on foot.  After catching R.M. appellant took her to his car, put her inside, and drove away, during which time he attempted to sexually assault R.M. with his fingers.  After R.M. opened the door while the car was moving and prepared to jump out, appellant pushed her out of the car following which she sustained an injury when the rear tire ran over her foot. 

Appellant’s specific argument is that the evidence was legally insufficient because the victim of the kidnaping, R.M., provided contradictory accounts of whether she was in fear when appellant threatened to shoot her with a gun:

Q.  And what happened when the car came back?

A.  He started trying to talk to me and stuff and threatening me and stuff, and I was like, scared, but I wasn’t really scared, you know.  I was, like, he was just – he was just playing joking around.

Q.  What were the type of things he was saying to you?

A.  Just threats, like, you know, he had weapons in the car and stuff.

Q.  Did he tell you he had a gun?

A.  Yes, sir.

Q.  Now, when did you think [he] was serious?

A.  Well, he – he started following where he got [out of] the car.

Q.  The man got out of his car?

A.  Yes, sir.  And I started walking faster and then just started running. 

We hold this sufficiency standard was met through the introduction of the 

evidence reviewed above.  Viewing the evidence in the light most favorable to the verdict, we hold the jury was authorized to find that Appellant threatened the use of deadly force when he threatened R.M. with a gun in an attempt to coerce her into his vehicle.  

We similarly find the evidence sufficient to sustain the verdict against appellant’s factual sufficiency challenge.  Under the factual sufficiency test we are required to view all of the evidence in a neutral light, favoring neither party.  
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2 126, 129, 134 (Tex. Crim. App. 1996).  The evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson v. State
, 23 S.W.3d at 11.  Here, evidence that appellant threatened R.M. with a gun in an attempt to force her into his vehicle was sufficient proof under the factual sufficiency standard that appellant threatened the use of deadly force, the sole element contested by appellant on appeal. Point one is overruled.

In point two appellant contends trial counsel rendered ineffective assistance of counsel when he failed to request a charge at the punishment phase asking the jury to determine whether he released the victim voluntarily and in a safe place, a circumstance under which the offense would be punishable as a second degree felony.  
Tex. Penal Code Ann.
 § 20.04 (Vernon 2003).

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his 
counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Appellant’s specific complaint is that a jury instruction on voluntary release in a safe place, if requested, would have been required because:

She was let out directly in front of an occupied house, in broad daylight, in a neighborhood which she was intimately familiar with.  The fact that the car rolled over her ankle does not impute any culpability to Turner, as even the [S]tate does not allege that [R.M.’s] injuries were caused by Turner’s intentional conduct. 

We disagree.  The fact that appellant pushed R.M. out of a moving car would have been sufficient reason to reject any proposed charge on voluntary release in a safe place (even if it were not for the fact that the car ran over her ankle) because regardless of the weather conditions or neighborhood the vehicle was traveling through at the time of the “release,” the additional admitted circumstance that the victim was in immediate additional peril when she was shoved from the moving car made the “voluntary release in a safe place” instruction inapplicable.  We find nothing improper in trial counsel’s failure to request such an instruction.  Point two is overruled.  

The trial court’s judgment is affirmed.

PER CURIAM

PANEL F: DAVID L. RICHARDS, J. (Sitting by Assignment); DAY and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  October 2, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.